FILED
United States Court of Appeals
Tenth Circuit

February 3, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DANA LYDELL SMITH,

        Plaintiiff - Appellant,

    v.

STATE OF IDAHO; GOVERNOR
STATE OF IDAHO; ATTORNEY
FOR GOVERNOR STATE OF
IDAHO; ATTORNEY GENERAL OF
THE STATE OF IDAHO; MINIDOKA
COUNTY, IDAHO, the Sheriff's
Office and County Officials; MINI-
CASSIA PUBLIC DEFENDERS, State
of Idaho; IDAHO DEPARTMENT OF
CORRECTIONS; MATT ELSON,
Detective, West Valley City Police
Department, Utah; JAMES WRIGHT,
Lieutenant, West Valley City Police
Department, Utah; RANDY WHITE,
Chief of Police, Rupert City, Idaho;
DAN PRICE, Owner/Investigator of
Payless Car Sales; DENNIS JAMES,
Owner/Investigator of Payless Car
sales; JASON D. WALKER,
Prosecuting Attorney, Minidoka
County, State of Idaho; NICOLE
CANON, Prosecuting Attorney,
Minidoka County, State of Idaho;
STAN HOLLOWAY, Prosecuting
Attorney, Minidoka County, State of
Idaho; MATILDA ORTIZ,
Presentence Investigator; RUPERT
CITY IDAHO MAYOR; JOSHUA
JOHNSTON,

        Defendants - Appellees.

No. 09-4155

(D. Utah)

(D.C. No. 2:08-CV-00445-TC)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Dana Lydell Smith appeals the dismissal of his civil-rights claims under 42 U.S.C. § 1983. The United States District Court for the District of Utah ruled that Smith's claim for damages must be dismissed under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994); venue was improper in Utah; and the complaint did not allege sufficient facts to justify injunctive relief. We affirm.

On appeal Mr. Smith does not argue that his claim can survive the *Heck* doctrine. Instead, he asks us to reject the doctrine. For example, he states: "The Question which is now asserted by this Appellant is Does the Ruling by the Supreme Court Violate, the initial Foundation and statute by Dismissing the cases Put before the Courts when an [sic] Prisoner is suing Parties for Damages and that suit would Render the underlying conviction Moot." Aplt. Br. at 10. The conclusion of his brief states in part: "The Heck Bar and other case law which is

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in direct contradiction to the Civil Rights Act must be changed to uphold the integrity of the Constitution." *Id*. at 15. Of course, we cannot overrule the Supreme Court's decision. We therefore affirm the district court's ruling under *Heck*.

To the extent that Mr. Smith's claim for injunctive relief is not barred by *Heck*, we AFFIRM the district court's ruling dismissing that claim for substantially the reasons set forth by the district court. We grant Mr. Smith's motion to proceed *in forma pauperis* and remind him to continue making payments until all his fees are paid in full.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge